IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARIO HAYWOOD, ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Cv. No. 2:13-cv-02745-JPM-dkv <br> Cr. No. 2:09-cr-20125-JPM-dkv-1 |

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed by Movant, Mario Haywood, Bureau of Prisons register number 22927-076, who is currently incarcerated at the Federal Correctional Institution Low in Forrest City, Arkansas. (§ 2255 Mot., *Haywood v. United States*, No. 2:13-cv-02745-JPM-dkv (W.D. Tenn.), ECF No. 1.) For the reasons stated below, the Court DENIES the § 2255 Motion.

**I.    PROCEDURAL HISTORY**

   **A.    Criminal Case Number 09-20125**

On March 26, 2009, a federal grand jury returned a one-count indictment charging that, on or about March 21, 2009, Haywood unlawfully, knowingly, and intentionally possessed with intent to distribute more than five hundred (500) grams of cocaine, in violation of 21 U.S.C. § 841(a)(1).  (Indictment, *United States v. Haywood*, No. 2:09-cr-20125-JPM-dkv-1 (W.D.

Tenn.), ECF No. 1.) The factual basis for the charges is stated in the presentence investigation report ("PSR"):

### The Offense Conduct

5. According to the investigative file, on March 21, 2009, Memphis Police Detectives with the Organized Crime Unit obtained a search warrant naming **Mario Haywood** at 2664 Dwight in Memphis, TN and also including a maroon 2001 Pontiac Bonneville which was found to be registered to **Haywood**. As basis for the warrant, officers used information from a reliable confidential informant (CI) who reported observing **Mario Haywood** selling and storing powder cocaine, crack cocaine, drug proceeds, drug records, and paraphernalia inside of 2664 Dwight within the previous five days. Detectives further conducted surveillance on the property and observed heavy traffic coming and going from the location.

6. On Saturday, March 21, 2009, while the search warrant was being obtained, members of OCU Team 8 conducted surveillance at 2664 Dwight. Officers observed **Mario Haywood**, who was sitting inside the Pontiac Bonneville, make hand to hand transactions with different unknown males on at least three separate occasions. **Haywood** then went into 2664 Dwight and later exited the residence. Officers observed **Haywood** pull a black handgun from his waist band and hand it to Roshina Holloway who had arrived, driving a grey Chevrolet Malibu. After handing Holloway the handgun, **Haywood** walked around the car and entered the Malibu on the passenger side. At this time, officers began moving in to effect the arrest. Holloway began driving away southbound on Derby where she was stopped by officers. **Haywood** exited the Malibu and ran southbound between the houses. Officers pursued **Haywood** on foot and upon catching up with him, wrestled him to the ground. **Haywood** began fighting with the officer who received a sprained thumb while taking **Haywood** into custody. Officers searched **Haywood** and found three small baggies of cocaine (162.2 grams) in his front left pocket. Officers found **$4,659.00 cash** in **Haywood's** front right pocket along with a small plastic baggie of marijuana (2.44 grams). Meanwhile, Holloway, who left the scene of the traffic stop, was driving eastbound on Ketchum when officers stopped her and placed her into custody. Holloway was found to be in possession of a loaded **Glock 9mm, model 19, pistol**.

7. After placing **Haywood** into custody, officers executed the search warrant at 2664 Dwight. The residence was occupied by an unnamed male and female. No contraband was reported to have been found in the residence. Officers then searched the 2001 Pontiac Bonneville where they located

2

and seized a large clear plastic bag containing seven individually wrapped portions of powder cocaine, **$10,896.50 cash**, and two digital scales. All seized items were located under the rear seat in the Bonneville. When interviewed, **Haywood** indicated that the "dope" and cash found on his person and in the Bonneville belonged to him. **Haywood** stated that Holloway did not know about the drugs or money. **Haywood** also indicated that he did not know Holloway had a gun on her. **Haywood** refused to sign the written statement of his interview.

8. Roshina Holloway was interviewed by officers and indicated she met **Haywood** while working at Century Mortgage in 2008 when he attempted to get a home loan. Holloway reported that **Haywood** would change his phone number frequently. Holloway reported that **Haywood** drove a burgundy Bonneville and a silver Benz S Class which she had seen **Haywood** driving four or five times. Holloway stated that the Glock 9mm pistol belonged to her and she had purchased the pistol at a local gun store. Holloway stated that the pistol never came out of her purse. Holloway indicated that **Haywood** did not handle the Glock pistol and he did not know she had the pistol with her.

9. The recovered controlled substances were submitted to the DEA Laboratory where the substances were weighed and tested. The lab determined the substances to be:

   - **Cocaine Hydrochloride**  net weight 936.6 grams
   - **Cocaine Base**  net weight 2.4 grams
   - **Marijuana**  net weight 2.0 grams

. . . .

### Adjustment for Obstruction of Justice

11. On September 23, 2010, during a hearing on a motion to suppress evidence, the defendant testified to facts contrary to the testimony of the officers. The defendant testified that he did not bring a gun from the house and give it to the lady in the Malibu. The defendant also testified that he did not get into the Bonneville prior to the arrival of officers and he denied having transactions with any people in the Bonneville. Section 3C1.1 Application Note 4 notes that committing perjury is an example of conduct to which the obstruction of justice enhancement applies. The defendant's testimony is not consistent with the testimony of officers regarding material facts of the offense conduct. An adjustment for obstruction of justice appears appropriate if the Court determines the defendant committed perjury.

**Adjustment for Acceptance of Responsibility**

. . . .

13. Conduct resulting in an enhancement under §3C1.1 (Obstruction of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustment under both §§3C1.1 and 3E1.1 may apply.

(PSR ¶¶ 5-9, 11, 13.)

Pursuant to a written plea agreement executed on February 23, 2011, in which Haywood pleaded guilty to Count One, Haywood appeared before the Court on September 2, 2011, and November 9, 2011, for sentencing. (Plea Agreement, *United States v. Haywood*, No. 2:09-cr-20125-JPM-dkv-1 (W.D. Tenn.), ECF No. 61; Min. Entries, *id.*, ECF Nos. 85, 90.) On November 9, 2011, the Court sentenced Haywood to a term of imprisonment of eighty-seven months, to be followed by a five-year period of supervised release. (Min. Entry, *United States v. Haywood*, No. 2:09-cr-20125-JPM-dkv-1 (W.D. Tenn.), ECF No. 90.)[1] Judgment was entered on November 10, 2011. (J. in a Criminal Case, *id.*, ECF No. 91.)[2] Haywood filed a notice of appeal on November 17, 2011. (Notice of Appeal, *id.*, ECF No. 100.) On November 26, 2012,

---

[1] The 2010 edition of the *Guidelines Manual* was used to calculate Haywood's sentencing range. (PSR ¶ 14.) Pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2D1.1(a)(5), the base offense level for Haywood's violation of 21 U.S.C. § 841(a)(1) was 26. (*Id.* ¶ 15.) Haywood received a two-level enhancement for possession of a dangerous weapon (firearm), U.S.S.G. § 2D1.1(b)(1), and a two-level enhancement for obstruction of justice, U.S.S.G. § 3C1.1. (PSR ¶¶ 16, 19.) Haywood also received a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(b), resulting in a total offense level of 27. (*Id.* ¶¶ 21-22; *see also* Continuation of Sentencing Hr'g Tr. 4:4-5:1, Nov. 9, 2011, *United States v. Haywood*, No. 2:09-cr-20125-JPM-dkv-1 (W.D. Tenn.), ECF No. 103.) Given his criminal history category of III, the guideline sentencing range was 87-108 months. (*2010 Guidelines Manual*, Ch. 5, part A – Sentencing Table.) The statutory mandatory minimum was five years, or sixty months. (PSR ¶ 60; *see also* 21 U.S.C. § 841(b)(1)(B)).)

[2] The judgment was amended on November 15, 2011, only to correct a typographical error. (*See* Am. J., *United States v. Haywood*, No. 2:09-cr-20125-JPM-dkv-1 (W.D. Tenn.), ECF No. 98.)

the Sixth Circuit affirmed the district court's judgment. *United States v. Haywood*, 506 F. App'x 424 (6th Cir. 2012). On February 23, 2015, Haywood filed a consent motion to reduce sentence based on an amendment to the Sentencing Guidelines' Drug Quantity Table. (Consent Mot. to Reduce Sentence, *United States v. Haywood*, No. 2:09-cr-20125-JPM-dkv-1 (W.D. Tenn.), ECF No. 114.) On July 7, 2015, the Court granted the motion to reduce sentence and reduced Haywood's sentence to seventy months, effective November 1, 2015; the order did not disturb any other provisions of the judgment. (Order, *id.*, ECF No. 117.)

### B. Case Number 13-2745

On September 24, 2013, Haywood filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). (§ 2255 Mot., *Haywood v. United States*, No. 2:13-cv-02745-JPM-dkv (W.D. Tenn.), ECF No. 1.) This motion presents the following issues:

1. "Did the United States District Court violate the law by establishing a drug amount that exceeded that charged in the indictment?";

2. "Does the sentence imposed violate the Sixth Amendment of the United States Constitution?";

3. "Did the Court have the authority to enhance the base offense level due to the enhancements and then impose a[n] 87[-]month sentence?";

4. "Did the Court have the jurisdiction to impose a sentence for an offense not charged in the indictment, not admitted to, and not found by the jury?"; and

5. "Do these issues violate the Sixth Amendment of the United States Constitution?"

(Mem. in Supp. of § 2255 Mot. at PageID 9, *id.*, ECF No. 1-1.)

## II.     THE LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

"[A] § 2255 motion 'is not a substitute for a direct appeal.'" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003)). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). "Defendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

Even constitutional claims that could have been raised on direct appeal, but were not, are barred by procedural default unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise these issues previously. *El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3d 693, 699-700 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors). Alternatively, a defendant may

obtain review of a procedurally defaulted claim by demonstrating that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), § 2255 Rules. The Court may also direct the parties to provide additional information relating to the motion. Rule 7, § 2255 Rules.

"In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). "[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also presided over the criminal case, the judge may rely on his recollection of the prior case. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996); *see also Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977) ("[A] motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. In some cases, the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion . . . ."). The movant has the burden of proving

that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

"If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668 . . . (1984)." *Grant*, 72 F.3d at 506. To demonstrate deficient performance by counsel, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88.

> A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

*Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citations omitted). To demonstrate prejudice, a prisoner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.[3] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.' Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Richter*, 562 U.S. at 104 (citations omitted); *see also id.* at 111-12 ("In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. . . . The likelihood of a different result must be substantial, not just conceivable." (citations omitted)); *Wong v. Belmontes*, 558 U.S. 15,

---

[3] "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant . . . ." *Strickland*, 466 U.S. at 697. If a reviewing court finds a lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. *Id.*

8

27 (2009) (per curiam) ("But *Strickland* does not require the State to 'rule out' [a more favorable outcome] to prevail. Rather, *Strickland* places the burden on the defendant, not the State, to show a 'reasonable probability' that the result would have been different.").

The two-part test stated in *Strickland* applies to challenges to guilty pleas based on the ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 57–58 (1985). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). "[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors," the outcome of the plea process would have been different. *Id.* at 59; *see also Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) ("[T]o obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.").

## III. ANALYSIS

Haywood raises four claims as to the Court's authority to find facts and impose a sentence and one broad claim of ineffective assistance of counsel as to his other claims. (*See* § 2255 Mot. at 5-6, *Haywood v. United States*, No. 2:13-cv-02745-JPM-dkv (W.D. Tenn.), ECF No. 1; Mem. in Supp. of § 2255 Mot. at PageID 9, *id.*, ECF No. 1-1.) Haywood's memorandum in support of his § 2255 Motion provides a brief statement of his case but otherwise does not offer any factual information related to his claims. (*See* Mem. in Supp. of § 2255 Mot. at PageID 8-9, *Haywood v. United States*, No. 2:13-cv-02745-JPM-dkv (W.D. Tenn.), ECF No. 1-1; *see generally id.* at PageID 7-29.) The argument provided consists largely of excerpts from the Supreme Court's opinion in *Alleyne v. United States*, 133 S. Ct. 2151, 2156-64 (2013), and the

Eleventh Circuit's opinion in *McCoy v. United States*, 266 F.3d 1245, 1273-74 (2001). Although Haywood is correct that *pro se* pleadings are held to a less stringent standard, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), the pleadings still must present a colorable claim. *See United States v. McKinney*, 375 F. App'x 479, 481 (6th Cir. 2010) ("[A] defendant proceeding *pro se* is not relieved from presenting a colorable claim." (citing *Marion v. United States*, 37 F.3d 1499, at *2 (6th Cir. 1994) (unpublished table decision))). Haywood has failed to "state the facts supporting each ground" for relief, as required by Rule 2(b)(2) of the § 2255 Rules. The Court nonetheless addresses each claim below.

### A. Establishing a Specific Drug Amount

First, Haywood raises a claim that the Court improperly established a drug amount that exceeded the amount charged in the indictment. (*See* § 2255 Mot. at 5, *Haywood v. United States*, No. 2:13-cv-02745-JPM-dkv (W.D. Tenn.), ECF No. 1.) Haywood's recitation of the *Alleyne* opinion suggests that he believes he is entitled to relief because "[f]acts that increase the mandatory minimum sentence . . . must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2158. If a defendant has pleaded guilty, facts necessary to support a sentence enhancing the statutory minimum must be admitted by the defendant. *United States v. Yancy*, 725 F.3d 596, 601-02 (6th Cir. 2013) (contrasting the defendant's case with the *Alleyne* defendant's because the defendant in *Yancy* had admitted in his guilty plea to an element that increased the mandatory minimum). *Alleyne*, however, is inapplicable to the instant case because it is not retroactive and because the sentence Haywood received was not the result of an increase of a mandatory minimum sentence.

The Sixth Circuit has declined to apply *Alleyne* retroactively. *See, e.g.*, *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014) ("We now hold that *Alleyne* does not apply retroactively to cases

on collateral review."). Thus, because Haywood's conviction was final before the Supreme Court issued the *Alleyne* decision in June 2013, the Court need not assess whether Haywood is entitled to relief under *Alleyne*.

Even if *Alleyne* could be applied retroactively, it does not apply to Haywood's sentence because the established drug amount was not used to increase his sentence. The indictment charges that Haywood unlawfully, knowingly, and intentionally possessed with intent to distribute more than five hundred (500) grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). (Indictment, *United States v. Haywood*, No. 2:09-cr-20125-JPM-dkv-1 (W.D. Tenn.), ECF No. 1.) The PSR states that the Haywood possessed a total of 936.6 grams of cocaine hydrochloride, 2.4 grams of cocaine base, and 2.0 grams of marijuana. (PSR ¶ 9.) The statutory mandatory minimum was five years' imprisonment, and the statutory mandatory maximum was forty years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(B).

In *Alleyne*, the defendant was sentenced to a seven-year mandatory minimum based on the district court's finding of a fact not found by the jury, whose verdict supported a sentencing range with a minimum of only five years' imprisonment. 133 S. Ct. at 2163-64. The instant case is distinguishable because establishment of the actual drug amount did not alter the statutory mandatory minimum: Haywood pleaded guilty to the indictment (*see* Plea Agreement, *United States v. Haywood*, No. 2:09-cr-20125-JPM-dkv-1 (W.D. Tenn.), ECF No. 61), thereby admitting to distributing more than 500 grams of cocaine, *see McCarthy v. United States*, 394 U.S. 459, 466 (1969) ("a guilty plea is an admission of all the elements of a formal criminal charge"), and any amount of cocaine between 500 grams and 5 kilograms would have subjected him to at least five years' imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(A)-(B). For the reasons stated above, Haywood is not entitled to relief on this claim.

### B. Judicial Discretion and the Sixth Amendment

Second, Haywood challenges the sentence imposed as a violation of the Sixth Amendment. (*See* § 2255 Mot. at 5, *Haywood v. United States*, No. 2:13-cv-02745-JPM-dkv (W.D. Tenn.), ECF No. 1.) The Supreme Court has held that judges may exercise discretion "in imposing a judgment *within the range* prescribed by statute." *Apprendi v. New Jersey*, 530 U.S. 466, 481 (2000). "[T]he exercise of such discretion does not contravene the Sixth Amendment even if it is informed by judge-found facts." *Dillon v. United States*, 560 U.S. 817, 828-29 (2010); *see also Alleyne*, 133 S. Ct. at 2163 ("We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."). Accordingly, since Haywood's sentence was within the range prescribed by § 841(b)(1)(B), *see supra* Part III.A, the Court's exercise of discretion did not violate the Sixth Amendment. Haywood is not entitled to relief on this claim.

### C. Enhancing the Base Offense Level

Third, Haywood challenges the Court's authority to enhance the base offense level and then to impose the initial sentence of eighty-seven months. (*See* § 2255 Mot. at 5, *Haywood v. United States*, No. 2:13-cv-02745-JPM-dkv (W.D. Tenn.), ECF No. 1.) It is unclear what enhancement to which Haywood refers, as the base offense level was 26 as prescribed by U.S.S.G. § 2D1.1(a)(5) and U.S.S.G. § 2D1.1(c)(7), and was not subject to any enhancements.[4]

---

[4] Haywood may be referring to the enhancements that resulted in a higher *total* offense level. (*See* PSR ¶¶ 16, 19.) Not only did Haywood withdraw his objections to the possession of a dangerous weapon and the obstruction of justice enhancements during sentencing (*see* Continuation of Sentencing Hr'g Tr. 4:12-14, Nov. 9, 2011, *United States v. Haywood*, No. 2:09-cr-20125-JPM-dkv-1 (W.D. Tenn.), ECF No. 103), but evidence in the record also supported such enhancements (*see, e.g.*, Resp. to Objs. 1-2, Second Addendum to PSR). Thus, the Court had the authority to impose the sentencing enhancements. *See United States v. Sperl*, 458 F. App'x 535, 546 (6th Cir. 2012) ("A district court must find that a preponderance of the evidence supports a sentencing enhancement before imposing it.")

(*See* PSR ¶ 15.) Additionally, the Court finds that the exercise of its discretion in imposing a sentence of eighty-seven months was not unconstitutional. *See supra* Part III.B. Thus, Haywood is not entitled to relief on this claim.

### D. Jurisdiction to Impose a Sentence

Fourth, Haywood raises a claim that the Court did not have the jurisdiction to impose a sentence for an offense not charged in the indictment, not admitted to, and not found by the jury. (*See* § 2255 Mot. at 6, *Haywood v. United States*, No. 2:13-cv-02745-JPM-dkv (W.D. Tenn.), ECF No. 1.) Relatedly, "[s]ome [courts] suggest that a district court is without jurisdiction to impose a sentence exceeding the statutory maximum." *United States v. Caruthers*, 458 F.3d 459, 471 (6th Cir. 2006) (citing *United States v. Bushert*, 997 F.2d 1343, 1350 n.18 (11th Cir. 1993)). Haywood does not elaborate on the offense he claims was not charged, admitted to, and found by the jury, but his inclusion of an excerpt from *McCoy* in his memorandum in support of his § 2255 Motion indicates that Haywood believes that the drug quantity was not charged and proved beyond a reasonable doubt. *See generally McCoy*, 266 F.3d at 1256-57 (analyzing the effect of *Apprendi*). The Court finds that the specific drug quantity is irrelevant in light of Haywood's guilty plea, *see supra* Part III.A, and that neither the statutory minimum nor the statutory maximum was increased based on the drug quantity, *see supra* Parts III.A-B. *See also United States v. Caldwell*, 589 F.3d 1323, 1333 (10th Cir. 2009) ("Drug quantity is an essential element only 'if the quantity triggers a sentence beyond the maximum allowed for violation of the base § 841(a)(1) offense.'" (quoting *United States v. Montgomery*, 468 F.3d 715, 719 (10th Cir. 2006))). In the instant case, the Court imposed a sentence for the very offense charged in the indictment and admitted to by Haywood by his guilty plea. (*See* Indictment, *United States v. Haywood*, No. 2:09-cr-20125-JPM-dkv-1 (W.D. Tenn.), ECF No. 1; Plea Agreement, *id.*, ECF

No. 61.) Haywood's sentence was within the statutory range for the offense and was not affected by the specific drug quantity. *See* 21 U.S.C. §§ 841(b)(1)(A)-(B). Thus, the Court had the jurisdiction to impose the sentence based on the record. As such, Haywood is not entitled to relief on this claim.

### E. Ineffective Assistance of Counsel

Fifth, Haywood raises a general Sixth Amendment claim, with respect to his other four claims, in his memorandum in support of his § 2255 Motion. (Mem. in Supp. of § 2255 Mot. at PageID 9, *United States v. Haywood*, No. 2:09-cr-20125-JPM-dkv-1 (W.D. Tenn.), ECF No. 1-1.) In his § 2255 Motion itself, Haywood asserts that his fifth claim is one of "ineffective assistance of counsel involving all issues listed." (§ 2255 Mot. at 6, *id.*, ECF No. 1.) Haywood has failed to provide any facts regarding his representation at trial or on appeal and thus has made only a "naked allegation" of ineffective assistance of counsel such that his fifth claim does not provide a basis for relief. *See Glenn v. United States*, No. 3:08-0494, 2008 WL 2781667, at *4 (M.D. Tenn. July 14, 2008) (citing *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)) ("The movant provides no factual allegations in support of . . . his claim against [his] attorney . . . , nor can any be liberally construed from the motion."); *see also United States v. Reed*, 166 F.3d 349, at *3 (10th Cir. 1998) (unpublished table decision) (citing *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992)) ("'naked allegations' are not cognizable under federal habeas corpus statutes"). Additionally, the Court has not found that any of Haywood's other claims have merit, *see supra* Parts III.A-D, and any claim of ineffective assistance of counsel related to the claims above would not meet the requirements for ineffective assistance as established by *Strickland*.

Accordingly, because Haywood is not entitled to relief on any of the issues raised in his § 2255 Motion, the Court DENIES the § 2255 Motion. Judgment shall be entered for the Government.

## IV. APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue(s) that satisfy the required showing. 28 U.S.C. § 2253(c)(3). A "substantial showing" is made when the movant demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337 ("[A] court of appeals should not decline the application for a COA merely because it believes the applicant will not demonstrate an entitlement to relief."); *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Miller-El*, 537 U.S. at 337 ("Our holding should not be misconstrued as directing that a COA always must issue.").

There can be no question that the issues raised in Haywood's § 2255 Motion are meritless for the reasons previously stated. Because any appeal by Haywood on the issues raised in his § 2255 Motion does not merit review, the Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals brought under § 2255. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Id.* at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a) also provides, however, that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(3)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[5]

**IT IS SO ORDERED**, this 29th day of August, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[5] If Haywood files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.